IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES J. MOORE, § | |
| TDCJ-CID NO.1254413, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-428 |
| § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, *et al.*, § | |
|     Defendants. § | |

OPINION ON DISMISSAL

Plaintiff Charles J. Moore, a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a more definite statement. The Court will dismiss this action for the reasons to follow.

BACKGROUND

Plaintiff indicates that he was convicted of aggravated assault with a deadly weapon in the 185th State District Court of Harris County, Texas in cause number 987242. On August 12, 2004, plaintiff was sentenced to two years confinement in the Texas Department of Criminal Justice ("TDCJ"). (Docket Entry No.7). Plaintiff does not challenge his conviction but seeks compensation from the State for his continued incarceration. (*Id.*). Plaintiff claims that he received an inmate time slip, which shows that he has acquired enough calendar time, good conduct time and work time to equal three years, four months, and thirteen days toward release on parole.[1] (*Id.*). According to the time slip, plaintiff contends, he has served his entire sentence and has been illegally held by TDCJ for one year, four months, and thirteen days. Plaintiff is scheduled to be discharged on May 9, 2006.

---

[1] Plaintiff is not eligible for mandatory supervision. (Docket Entry No.7).

He seeks compensatory damages for the wages that he would have earned had he been released in accordance with the calculations on the time slip. (*Id.*).

Plaintiff submitted a time credit dispute resolution form to the State's Time Section Classification and Records Department. He did not receive a reply so he re-submitted another claim, which was not answered. On November 2, 2005, plaintiff filed a state habeas application, which is still pending. Plaintiff maintains that, by incarcerating him beyond the time shown on the time slip, TDCJ has engaged in fraudulent misrepresentation, fraud in the factum and promissory fraud. (Docket Entries No.1, No.7). Because the time slip shows that he has "earned" good conduct and work time credits, plaintiff maintains the time belongs to him and he should be compensated for it. (*Id.*).

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

2

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## Non-Exhaustion

Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Time credit claims filed after January 1, 2000, are cognizable in Texas on a writ of habeas corpus if the inmate seeking time credit relief first exhausts administrative remedies by complying with Section 501.0081 of the Texas Government Code. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam). Section 501.0081 prohibits an inmate challenging the time credited on his sentence from filing a state application for writ of habeas corpus until he receives a written decision from the State or if no written decision is issued, until the 180th day after he filed the time credit claim. TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004). Because plaintiff has a state habeas application pending in the Texas Court of Criminal Appeals, he has not exhausted his state remedies

3

with respect to his time credit claim. Therefore, this civil rights complaint is subject to dismissal for non-exhaustion.

### No Right to Conditional Release

Even if plaintiff's claims were exhausted, he would not be entitled to compensatory relief. Plaintiff has not been incarcerated for two years and he has no constitutional right to conditional release before the expiration of his two year sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding an inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence). Moreover, a Texas inmate, like plaintiff, has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir.1995); *Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991); *Williams v. Briscoe*, 641 F.2d 274 (5th Cir. 1981). *See also Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (noting that "statutes or regulations providing that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"). Such release is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Regardless of any additional time that plaintiff may have accrued toward release on parole and regardless of what the time slip may state, plaintiff has no constitutional right to release before he has served his entire two year sentence.

### No Compensation

Moreover, plaintiff is not entitled to compensation for good conduct time, work time, or for work that he has performed during his incarceration. Good conduct time applies only to eligibility for parole or mandatory supervision and does not otherwise affect an inmate's term. TEX. GOV'T

CODE ANN. § 498.003 (Vernon 2004).  "Good conduct time is a privilege and not a right."  *Id.* Under Texas law, work credits are treated as additional good conduct credit.  *Id.* § 498.003(d).

Compelling an inmate to work without pay is not unconstitutional.  The Thirteenth Amendment specifically allows involuntary servitude as punishment after conviction of a crime; *see* U.S. CONST. AMEND XIII, § 1; and the Fifth Circuit has held that compensating prisoners for work is not a constitutional requirement but, rather, "is by the grace of the state."  *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988)).

Plaintiff's claim for compensation for his "lost" wages or the time that he has "earned," are legally frivolous and subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court DISMISSES, with prejudice, plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).  All pending motions, if any, are DENIED.

The Clerk will provide copies to plaintiff and to the TDCJ-CID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

It is so ORDERED.

SIGNED at Houston, Texas on June 7, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE